# Order

Michigan Supreme Court
Lansing, Michigan

October 21, 2020

155886 & (73)

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellant/
       Cross-Appellee,

v

VICTOR MANUEL GARAY,
       Defendant-Appellee/
       Cross-Appellant.
_____/

SC: 155886
COA: 329091
Kalamazoo CC: 2014-000785-FJ

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

By order of April 5, 2019, the application for leave to appeal the June 8, 2017 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant were held in abeyance pending the decision in *People v Masalmani* (Docket No. 154773). On order of the Court, leave to appeal having been denied in *Masalmani* on May 29, 2020, 505 Mich ___ (2020), the applications are again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals to the extent that it would broadly preclude sentencing courts from considering, at all, the traditional objectives of sentencing – punishment, deterrence, protection, retribution, and rehabilitation – when considering whether to sentence persons who were under the age of 18 when they committed their offenses to a term of life without parole. Although reliance on other criteria to the exclusion of, or without proper consideration of, *Miller v Alabama*, 567 US 460 (2012), would be an abuse of discretion, mere consideration of the traditional objectives of sentencing or other factors is not, *per se*, an error of law. See MCL 769.25(6)-(7).

In addition, in light of *People v Skinner*, 502 Mich 89 (2018), we VACATE the remainder of part IV of the Court of Appeals judgment and we REMAND this case to that court to determine whether the trial court properly considered the "factors listed in *Miller v Alabama*, [567 US 460] (2012)," MCL 769.25(6), or otherwise abused its discretion. The application for leave to appeal as cross-appellant is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 21, 2020



t1014

Clerk